**NOT FOR PUBLICATION**

FILED

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| RAUL GARCIA, | ) | No. 17-35802 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 3:16-cv-00390-SB |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 5, 2018**
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District Judge.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Raul Garcia appeals the district court's grant of summary judgment in favor of Union Pacific Railroad Company in Garcia's action for violation of Oregon's laws prohibiting discrimination on account of national origin[1] and disability.[2]  We affirm.

Garcia argues that the district court erred when it determined that his action was barred by the statute of limitations regarding the bringing of a suit for discrimination after receipt of a right-to-sue notice from the Oregon Bureau of Labor and Industries (BOLI).[3]  *See* Or. Rev. Stat. § 659A.880(1)–(3).  BOLI had notified Garcia that it took the filing date of his discrimination charge to be October 9, 2014, and that one year thereafter it would close the case and issue a right-to-sue notice.  BOLI matched its actions to its words, and on October 9, 2015, it sent the notice and reminded Garcia that he had the right to file an action within ninety days, but if he did not do so "this right will be lost."[4]  He did not do so, but

---

[1]*See* Or. Rev. Stat. § 659A.030.

[2]*See id.* § 659A.112.

[3]Garcia had first filed with the United States Equal Employment Opportunity Commission (EEOC), and pursuant to a worksharing agreement, it had forwarded the charge to BOLI.

[4]Because our jurisdiction over this action is founded on diversity, we apply Oregon law.  *See* 28 U.S.C. § 1332; *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).

filed on January 12, 2016—ninety-five days later. However, Garcia asserts that he should be entitled to tolling of the statute of limitations.[5]

Even if we assume that tolling is available, that would be limited to cases where the claimant was diligent and some extraordinary circumstance impeded his filing of the action.[6] Nothing in the record indicates that Garcia could meet those strictures.

AFFIRMED.

---

[5]The Oregon courts have not held that tolling applies to the statutes at hand, although they have suggested that tolling does sometimes apply to other areas of Oregon law. *See Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 986 P.2d 536, 541–42 (Or. 1999); *see also Haynes v. Bd. of Parole & Post-Prison Supervision*, 403 P.3d 394, 400 n.7 (Or. 2017). We will assume, without deciding, that tolling applies to this statutory scheme.

[6]*See, e.g.*, *Menominee Indian Tribe of Wis. v. United States*, __ U.S. __, __, 136 S. Ct. 750, 756, 193 L. Ed. 2d 652 (2016); *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10, 134 S. Ct. 1224, 1231–32, 188 L. Ed. 2d 200 (2014); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150–52, 104 S. Ct. 1723, 1725–26, 80 L. Ed. 2d 196 (1984) (per curiam); *see also Winnett v. City of Portland*, 847 P.2d 902, 905 (Or. Ct. App. 1993) (stating that federal Title VII law can be "instructive" in construing Oregon employment discrimination law).